UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADELAIDA HERRERA, individually and joint successor-in-interest to DECEDENT ASCENCION HERRERA, JR.; ASCENCION HERRERA, SR., individually and joint successor-in-interest to DECEDENT ASCENCION HERRERA, JR.; and, THE ESTATE OF ASCENCION HERRERA, JR.,

Plaintiffs,

v.

CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; RICK BRAZIEL, individually and in his official capacity as CHIEF OF POLICE for the SACRAMENTO POLICE DEPARTMENT; and DOES 1-20, inclusive; individually, jointly, and severally,

Defendants.

No. 2:13-cv-00456 JAM-AC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants City of Sacramento (City); Sacramento Police Department; and Rick Braziel's (collectively "Defendants") Motion to Dismiss (Doc. #8). Plaintiffs Adelaida Herrera; Ascencion Herrera, Sr.; and the Estate of Ascencion Herrera, Jr. (collectively "Plaintiffs")

oppose the motion (Doc. #11) and Defendants have replied (Doc. #12).[1] For the following reasons, Defendants' motion is granted.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs allege fourteen causes of action against Defendants in their Complaint: (1) violation of Ascencion Herrera, Jr.'s ("Decedent") Fourth Amendment right to be free from unreasonable search and seizures pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) violation of Decedent's Fourth Amendment right to be free from unlawful seizure (detention) pursuant to § 1983; (3) violation of Decedent's Fourth Amendment right to be free from unlawful seizure (arrest) pursuant to § 1983; (4) violation of Decedent's Fourth Amendment right to be free from excessive, arbitrary or unreasonable uses of deadly force against him pursuant to § 1983; (5) conspiracy to violate Decedent's civil rights; (6) wrongful death pursuant to § 1983; (7) violation of Plaintiffs' civil rights to familial relationship; (8) a Monell claim pursuant to § 1983; (9) a survival action for pain and suffering pursuant to § 1983; (10) wrongful death (negligence) pursuant to California Civil Procedure §§ 377.60, 377.61; (11) violation of Decedent's state right to enjoy civil rights pursuant to California Civil Code § 52.1; (12) violation of Decedent's state statutory rights pursuant to California Civil Code § 51.7; (13) intentional infliction of emotional distress; and (14) assault and battery.

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal L.R. 230(g). The hearing was scheduled for June 19, 2013.

Plaintiffs allege that on July 7, 2012, Decedent was walking with a friend in the Meadowview area of Sacramento, California when a patrol vehicle approached. Comp. ¶ 13. Decedent was ordered to a nearby fence when one of the officers attempted to push him to the ground. Comp. ¶ 14. Although Decedent was not struggling, the other officer opened fire, shooting Decedent multiple times in the torso. The officers detained Decedent, placed him in handcuffs, and left him on the ground, dying. He was pronounced dead less than thirty minutes later. The incident was witnessed by a couple walking nearby and a young boy who was in the vicinity.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is

appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to FRCP 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In addition, FRCP 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is appropriate when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Id. "Redundant matter is defined as allegations that 'constitute a needless repetition of other averments or are foreign to the issue.'" Thornton v. Solutionone Cleaning Concepts, Inc., No. 06-1455, 2007 WL 210586

(E.D. Cal. 2007) (citing Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380. However, granting a motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. Fantasy, 984 F.2d at 1527-28.

If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010); see also 5A Wright & Miller, supra, at 1380. The key distinction between Rule 12(f) and Rule 12(b)(6) is that Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." Whittlestone, at 976.

B. Discussion

1. Sacramento Police Department

Defendants first assert that the claims against the Sacramento Police Department should be dismissed or stricken. MTD at 3-5. Defendants point out that each of the claims for relief alleged against the Sacramento Police Department are also alleged against the City and argue it is redundant to name both. Plaintiffs have no opposition to this part of the motion. Opp.

at 2. Because the Sacramento Police Department is a department of the City, it is redundant to name both. Abeytia v. Fresno Police Dep't, No. 1:08-cv01528, 2009 WL 1674568, at *9 (E.D. Cal. 2009) ("Naming the [Fresno Police Department], which is a department of the City, as a defendant is redundant to naming the City of Fresno as a defendant."). Defendants' motion to dismiss the complaint as to the Sacramento Police Department is granted with prejudice.

2. Chief Braziel

Defendants move to dismiss Chief Rick Braziel ("Braziel") in his official capacity in each of the claims because they are redundant, as the City is named in each of the claims as well. MTD at 3-4. Plaintiffs state they have no opposition to this part of the motion, excepting the eighth cause of action. Opp. at 2. Official-capacity suits under § 1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 165 n. 14 (1985) (holding that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under Monell, . . . local government units can be sued directly" (citations omitted)). Therefore, if individuals are being sued in their official capacities as municipal officials and the municipal entity itself is also being sued, then the official capacity claims against the

individuals are redundant and should be dismissed. See Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996); Carnell v. Grimm, 872 F. Supp. 746, 752 (D. Haw. 1994). Accordingly, Plaintiffs' § 1983 claims against Braziel in his official capacity in all fourteen of their causes of action are dismissed with prejudice.

Defendants further move to dismiss all causes of action against Braziel in his individual capacity, excepting the eighth cause of action, because they fail to state a claim for which relief can be granted. Plaintiffs have no opposition to this part of Defendants' motion. Opp. at 2. "A supervisor may be liable under § 1983 only if there exists either '(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (citations omitted). Because Plaintiffs fail to allege any facts that Braziel was personally involved in the actions underlying the relevant claims for relief pursuant to § 1983 or a causal connection between his conduct and the violations, the Defendants' motion to dismiss Braziel in his individual capacity is granted as to claims one through seven and nine.

California Government Code § 820.8 provides that except as otherwise provided by statute, "a public employee is not liable for an injury caused by the act or omission of another person." Plaintiffs' claims for relief pursuant to California law (claims ten through fourteen) fail to allege Braziel personally participated in the conduct giving rise to the allegations in

the complaint. Accordingly, Defendants' motions to dismiss Braziel in his individual capacity in all claims, except the eighth, is granted with prejudice.

3. Fourth Amendment Claims

Plaintiff Estate of Ascencion Herrera, Jr. asserts Defendants violated Decedent's Fourth Amendment rights in claims one through four. The claims are based on various iterations of Decedent's rights under the Fourth Amendment: (1) the right to be free from unreasonable search and seizure; (2) the right to be free from unlawful seizure (detention); (3) the right to be free from unlawful seizure (arrest); and (4) the right to be free from excessive force or the arbitrary or unreasonable use of deadly force. Comp. at 7-8. Defendants move to dismiss claims two through four as redundant to the first. Plaintiffs indicate they have no opposition to the motion if treated as a stipulation that the specific actions underlying the second through fourth causes of actions are included in the first, subject to the Court's direction regarding specificity in pleading. In order to clarify the pleadings, the Court dismisses the second through fourth causes of action without prejudice and accepts the parties' stipulation that these claims are redundant to the first cause of action.

4. Unlawful Conspiracy

In their fifth cause of action, Plaintiffs allege Defendants acted in concert and conspired to violate Decedent's federal civil rights. Defendants contend Plaintiffs have failed to plead a viable conspiracy claim because they have not alleged an agreement among Defendants to deprive Decedent of his rights

nor an actual deprivation of those rights. Plaintiffs admit, that as pled, the allegations are insufficient to state a claim upon which relief may be granted. They request leave to amend this cause of action. The Court finds the fifth cause of action fails to set forth a viable claim for conspiracy; it is therefore dismissed. Defendants argue that leave to amend should be denied because Plaintiffs did not demonstrate the defects in the claim are curable by amendment. Reply at 2-3. The Court agrees and finds that the facts alleged in the Complaint indicate that a conspiracy claim is not plausible. Accordingly, Defendants' motion to dismiss the fifth cause of action is granted with prejudice.

5. Wrongful Death

Plaintiffs' sixth cause of action states a claim for "wrongful death" pursuant to § 1983, alleging Defendants' conduct resulted in deprivation of their rights to be free from unreasonable searches and seizures and the use of excessive force under the Fourth and Fourteenth Amendments and due process under the Fourteenth amendment. Comp. at 9. Defendants contend this claim should be dismissed because it fails to state a claim for which relief can be granted and is redundant.

Fourth Amendment rights are personal rights which may not be vicariously asserted. Alderman v. United States, 394 U.S. 165, 174 (1969). The general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). In § 1983 actions, however, the survivors of an individual killed as a result of an officer's

excessive use of force may assert a Fourth Amendment claim on that individual's behalf. Id.; Cal. Civ. Proc. Code § 377.30; Grant v. McAuliffe, 41 Cal. 2d 859 (1953). These claims should be asserted under the Fourth Amendment of the United States Constitution, and not the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989); Duenez v. City of Manteca, 2011 WL 5118912 (E.D. Cal. 2011).

"While the person who claims excessive force was directed at him or her can only raise a [F]ourth [A]mendment claim, a parent who claims loss of the companionship and society of his or her child, or vice versa, raises a different constitutional claim. The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child, . . . ." Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991). Therefore, Decedent's relevant rights can be asserted by Plaintiffs in this action under the Fourth, but not the Fourteenth, Amendment. However, those claims are sufficiently asserted in the first cause of action. Furthermore, Plaintiffs Adelaida and Ascencion Herrera, Sr. can state a claim for a violation of their own constitutional rights under the Fourteenth Amendment, but not under the Fourth Amendment. Those claims are Already asserted in the seventh cause of action. Accordingly, the Court dismisses with prejudice the sixth cause of action as redundant.

6. Pain and Suffering and Emotional Distress Damages

Plaintiffs' ninth cause of action seeks damages for pain and suffering incurred by Decedent before his death. Comp. at

12. Their thirteenth cause of action is for the intentional infliction of emotional distress suffered by Decedent. Comp. at 14. Defendants argue these claims should be dismissed because they do not state a claim for which relief can be granted.

"Section 1983 does not address survivor claims or any appropriate remedies." Provencio v. Vazquez, 2008 WL 3982063, at *11 (E.D. Cal. 2008). If a civil rights statute is "deficient in the provisions necessary to furnish suitable remedies," courts must look to applicable state law. 42 U.S.C. § 1988(a). However, state law may not be applied when it is "inconsistent with the constitution and laws of the United States." Id.; see Robertson v. Wegmann, 436 U.S. 584, 590 (1978). In survival actions in California, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, . . . and do not include damages for pain, suffering, or disfigurement." Cal. Civ. Proc. Code § 377.34.

There is a split of authority on the issue of the applicability of California Civil Procedure Code § 377.34 among the District Courts of California. The trend in the Eastern District, beginning with Venerable v. City of Sacramento, 185 F. Supp. 2d 1128 (E.D. Cal. 2002), has been to bar survivor claims for pain and suffering damages, finding § 377.34 is not inconsistent with the Constitution and laws of the United States. Conversely, courts in the Southern, Central, and Northern Districts have opted not to apply § 377.34, finding it inconsistent with the purposes of § 1983. See, e.g., Hirschfield v. San Diego Unified Port Dist., 2009 WL 3248101, at *4 (S.D.

Cal. 2009); Garcia v. Whitehead, 961 F. Supp. 230, 233 (C.D. Cal. 1997); Williams v. City of Oakland, 915 F. Supp. 1074 (N.D. Cal. 1996).

Reviewing the legislative history of § 377.34, the court in Venerable noted,

> The legislature could well conclude that recovery for the decedent's pain and suffering is not the better rule given: (1) the uncertainty of testimony about how someone, now dead, suffered; (2) the provision for compensation to family survivors under the wrongful death statute for their own damages, including loss of companionship, and a natural reluctance to add as 'compensation' the injury actually suffered by another; and, (3) the adequacy of deterrence already provided by the possible array of damages for negligent conduct leading to death whether those damages are sought under the survival statute or by way of a wrongful death action.

185 F. Supp. 2d at 1132. The court declined to adopt the cynical view that officers would chose to kill, rather than injure, a victim if only required to pay pain and suffering damages when victims survived. Id. at 1133. The court concluded: "In light of the damages that are provided by the California survival and wrongful death statutes, the court finds that state law is not inconsistent with the Constitution and laws of the United States." Id. Plaintiffs argue the issue has not been conclusively settled and urge the Court to allow this cause of action to go forward.

This Court finds the court's reasoning in Venerable to be persuasive, and declines to permit a survival action for damages for Decedent's pain and suffering pursuant to § 1983. In addition, the Court finds the language of California Civil Procedure Code § 377.34 "clearly precludes recovery of emotional distress damages." Martin v. Cal. Dep't of Veterans Affairs,

560 F.3d 1042, 1051 (9th Cir. 2009). Therefore, Plaintiffs' ninth cause of action for pain and suffering pursuant to § 1983 and thirteenth cause of action for intentional infliction of emotional distress are dismissed with prejudice.

7. Unreasonable Search

In their first, sixth and eighth causes of action, Plaintiffs allege violations of their Fourth Amendment right against unreasonable searches. Comp. at 7, line 13; 9 at line 19; 12 at line 1. Defendants contend these specific allegations should be struck because the Complaint lacks factual allegations regarding any search, reasonable or not. Plaintiffs contend the factual support for such claims will be identified in the discovery process. Opp. at 5.

The Court finds the above identified allegations of an unlawful search should be struck from the relevant causes of action because there is no "factual content" in the complaint that would allow the court to "draw the reasonable inference[s] that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

8. State Law Claims

Defendants contend the tenth through fourteenth causes of action under state law against the City should be dismissed pursuant to California Government Code § 815. Section 815 provides that except as otherwise provided by statute "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." In response, Plaintiffs cite to California Government Code § 815.2, which provides: "A

public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

The California Supreme Court has explained that "the imposition of vicarious liability on a public employer is an appropriate method to ensure that victims of police misconduct are compensated." Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 216-217 (1991). Relevant here, it specifically stated that "a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." Id. However, there is a "clear distinction" between holding a public entity vicariously liable for the acts of their employees and holding it directly liable. Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1127 (2002). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care . . . ." Eastburn v. Regional Fire Protection Authority, 31 Cal. 4th 1175, 1183 (2003).

Plaintiffs' claims in the tenth, eleventh, twelfth and fourteenth causes of action cannot stand under a theory of direct liability, as no statute has been cited or found that provides for such relief.[2] Accordingly, these claims are

[2] The eleventh cause of action has already been dismissed, however, it is also dismissed to the extent it alleges a theory of direct liability on the City.

dismissed with prejudice as to the City only to the extent that any of them may purport to impose direct, rather than vicarious, liability on the City.

9. Violation of Right to Familial Relationship

Defendants contend that the allegations in paragraph 39, at lines 10-12 of Plaintiffs' seventh cause of action should be struck from the Complaint because they are unintelligible, impertinent, immaterial or improper. Plaintiffs fail to address this part of the motion in their opposition.

As stated above, to survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The complaint is devoid of any factual allegations regarding the concealment of excessive force or any attempts to hide the true cause of Decedent's demise. Therefore, Defendants' motion to strike these allegations is granted without prejudice.

In paragraph 39, line 12 of this seventh claim, Plaintiffs also assert that Defendants' conduct resulted in the violation of Adelaida and Ascencion Herrera, Sr.'s Fourth Amendment rights. As discussed above, the excessive force used against Decedent alone does not implicate the Fourth Amendment rights of his parents. Accordingly, without factual allegations regarding a violation of Plaintiffs Adelaida and Ascencion Herrera, Sr.'s Fourth Amendment rights, Defendants' motion to strike these allegations is granted with prejudice.

10. The Monell Claim

Defendants move to dismiss certain provisions of Plaintiffs' claim under Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978) (eighth cause of action). Plaintiffs allege Defendants have a policy, practice, or custom of ". . . making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system." Comp. ¶ 42. Defendants argue there are no factual allegations supporting these claims and they should thus be dismissed. In addition, Defendants contend several of the rights underlying the Monell claim should be struck from the complaint because they are not viable based upon the facts alleged. Plaintiffs allege the policies of Defendants resulted in violations of their rights to due process, equal protection and an unspecified right to enjoy civil and statutory rights.

Under Monell, to prevail in a civil action against a local governmental entity, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

Although detailed factual allegations are not required under FRCP 8, a claim must set forth sufficient factual content that allows the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Plaintiffs do not identify how the alleged conduct of Defendants resulted in violations of their constitutional rights to due process, equal protection and "the right to enjoy civil and statutory rights." Comp. ¶ 47. Nor do Plaintiffs offer any facts to show the existence of a custom or policy of ". . . making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system." Comp. ¶ 42.

Plaintiffs argue the factual issues associated with this cause of action will necessarily be identified during discovery, and to strike the allegations now would be premature. Opp. at 8. However, to sufficiently state a claim under Monell, it is not enough to state that there is a policy and the policy amounted to deliberate indifference to various constitutional rights of the Plaintiffs; there must be facts showing the plausibility of those statements. Iqbal, 556 U.S. at 663; see also Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (noting "[s]ince Iqbal, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer Monell liability"). Therefore, Defendants' motion to strike Plaintiffs' bare

allegations in ¶ 42 of the Complaint and the allegations of a deprivation of due process, equal protection, and the right to enjoy civil and statutory rights in ¶ 47 is granted. Plaintiffs' request for leave to amend the Complaint is granted. More factual specificity is required to withstand a motion to dismiss.

III. ORDER

For all the foregoing reasons, the Court grants Defendants' motion to dismiss and/or strike as follows:

1. Plaintiffs' claims against the Sacramento Police Department are dismissed with prejudice.
2. Plaintiffs' claims against Police Chief Rick Braziel in his official capacity are dismissed with prejudice and in his individual capacity are dismissed with prejudice, save for the eighth cause of action.
3. Plaintiffs second through fourth causes of action are dismissed with leave to amend.
4. Plaintiffs' fifth cause of action is dismissed with prejudice.
5. Plaintiffs' sixth cause of action is dismissed with prejudice as redundant.
6. Plaintiffs' ninth and thirteenth causes of action are dismissed with prejudice
7. The allegations in Plaintiffs' first, sixth and eighth causes of action regarding a violation of Plaintiffs' rights to be free from unreasonable searches are struck from the Complaint.

8. Plaintiffs' state law claims against the City in the tenth through fourteenth causes of action are dismissed with prejudice only to the extent that any of them may purport to impose direct, rather than vicarious, liability.

9. The allegations in paragraph 39, lines 10-12 of Plaintiffs' seventh cause of action regarding Defendants' concealment of excessive force or attempts to hide the true cause of Decedent's demise are struck from the Complaint. In addition, the allegations regarding a violation of Plaintiffs Adelaida and Ascencion Herrera, Sr.'s Fourth Amendment rights in paragraph 39, line 12 of the seventh cause of action are struck from the Complaint.

10. The conclusory and bare allegations regarding Monell liability in ¶ 42 and the allegations regarding deprivation of due process, equal protection, and the right to enjoy civil and statutory rights in ¶ 47 of the eighth cause of action are struck from the Complaint.

Plaintiffs' Amended Complaint must be filed within twenty (20) days of this Order. Defendants' responsive pleading must be filed within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: August 1, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE